**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAURIE A. M., | NO. ED CV 21-1958-ODW(E) |
| Plaintiff, | |
| v. | ORDER ACCEPTING FINDINGS, |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | CONCLUSIONS AND RECOMMENDATIONS |
| Defendant. | OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Complaint, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court rejects the objections to the extent the objections disagree with the analysis of Magistrate Judge Eick. The Court finds the conclusions of Judge Eick to be sound and finds of legal error. The Court accepts and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that: (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) Plaintiff's motion for summary judgment is denied; (3) Defendant's motion for summary judgment is granted; and (4) Judgment shall be entered in favor of Defendant.

IT IS FURTHER ORDERED that the Clerk serve forthwith a copy of this Order, the Magistrate Judge's Report and Recommendation and the Judgment of this date on Plaintiff, counsel for Plaintiff and counsel for Defendant.

DATED: July 8, 2022.

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   CENTRAL DISTRICT OF CALIFORNIA
10
11  LAURIE A. M.,                     )  NO. ED CV 21-1958-ODW(E)
                                      )
12              Plaintiff,            )
                                      )
13       v.                           )  REPORT AND RECOMMENDATION OF
                                      )
14  KILOLO KIJAKAZI, Acting           )  UNITED STATES MAGISTRATE JUDGE
    Commissioner of Social Security,  )
15                                    )
                Defendant.            )
16  _____ )
17
```

This Report and Recommendation is submitted to the Honorable Otis D. Wright II, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 01-13 of the United States District Court for the Central District of California.

**PROCEEDINGS**

Plaintiff filed a Complaint on November 18, 2021, seeking review of the Commissioner's denial of benefits. Plaintiff filed a motion for summary judgment on April 26, 2022. Defendant filed a cross-motion for summary judgment on May 24, 2022. The Court has taken both

motions under submission without oral argument.  See L.R. 7-15; "Order," filed November 29, 2021.

## BACKGROUND

Plaintiff asserted disability since September 30, 2018, based on alleged physical impairments (Administrative Record ("A.R.") 160, 188). An Administrative Law Judge ("ALJ") found certain of those alleged impairments to be severe (A.R. 17). The ALJ also found that Plaintiff's impairments reduced her residual functional capacity to the capacity to perform light work, with certain additional limitations (A.R. 18). The ALJ determined that a person having this capacity could perform Plaintiff's past relevant work as an assistant manager as generally performed in the national economy (A.R. 21). The ALJ therefore denied disability benefits (A.R. 21-22). The Appeals Council denied review (A.R. 1-5).

Plaintiff does not challenge the Administration's determination that Plaintiff can perform the limited range of light work defined by the ALJ. Rather, Plaintiff challenges the Administration's determination that Plaintiff's past job as an assistant manager is in fact a light work job as generally performed in the national economy (rather than a medium work job or a "composite" job).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's

2

findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  See Carmickle v. Comm'r, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ.  But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied.  The Administration's findings are supported by substantial evidence and are free from

///

///

material[1] legal error. Plaintiff's contrary arguments are unavailing.

A claimant bears the burden of proving that "a physical or mental impairment prevents [her] from engaging in any of [her] previous occupations." Sanchez v. Secretary, 812 F.2d 509, 511 (9th Cir. 1987); see Bowen v. Yuckert, 482 U.S. 137, 146-50 (1987). If a claimant can perform past relevant work as "actually" performed or as "generally" performed, then the claimant is not disabled. See Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001); see also Social Security Ruling ("SSR") 82-61[2] ("If the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled'"). Thus, in the present case, Plaintiff "had the burden to prove she could not perform her past relevant work either as actually performed or as generally performed in the national economy." Dora L. v. Kijakazi, 2021 WL 4502722, at *13 (C.D. Cal. Sept. 30, 2021) (citations and quotation omitted). Plaintiff failed to carry this burden.

Plaintiff testified regarding her past relevant work as an "assistant manager" in a bank (A.R. 39-40). According to Plaintiff, "the majority of my job was at the desk, dealing with customer service

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

[2] SSRs are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

4

and things like that" (A.R. 40). However, she testified that she also had the "daily chore" of lifting "heavy metal cassettes" of cash and loading these cassettes into machines. Id. In her testimony, Plaintiff indicated that the cassettes weighed over 20 pounds and that there were "heavy" boxes and bags of coins which also required lifting (A.R. 40-41). Even so, Plaintiff reiterated in her testimony that, "The majority of my job was, you know, the sitting at my desk for the most part. But I did - I was in charge of all levels of the branch. Security, you know, auditing, lots of different things, inventory, hiring, ATM machines, lots of different job duties. But the majority of my career with the bank was in management." Id.

Plaintiff's testimony regarding her job responsibilities contrasted somewhat with her written descriptions of those same responsibilities. In her written descriptions, Plaintiff stated that what she did "all day" was "Audit files, coaching employees, customer service, inventory, cash audit, security, personnel duties, answer phones, supervise employees, Managed overall operations of the bank" (A.R. 202). Although she mentioned the "cash machine cassettes" in her written descriptions, Plaintiff stated that the heaviest weight she ever lifted was only 20 pounds. Id. She also indicated therein that she spent "100%" of her time "supervising people." Id.

At the hearing before the ALJ, a vocational expert testified that Plaintiff's past relevant work was medium work as actually performed (based on Plaintiff's testimony regarding the supposedly over 20 pound lifting requirement) (A.R. 41). However, the expert also testified that Plaintiff's past relevant work is light work as generally

performed (id.).[3]  In response to a hypothetical question, the vocational expert testified that a person having the residual functional capacity defined by the ALJ could perform Plaintiff's past relevant work as generally performed in the national economy (A.R. 42-46).  The vocational expert characterized Plaintiff's past relevant work as the job described in section 189.167-018 in the Dictionary of Occupational Titles ("DOT") (A.R. 41).  This section of the DOT, headed "Management Trainee" "Any Industry," reportedly involves the performance of "duties in several departments, such as credit, customer relations, accounting, or sales" "to gain knowledge and experience required for promotion to management positions."  The DOT provides that this job is light work.  DOT § 189.167-018.[4]

The ALJ properly relied on the vocational expert and the DOT in concluding that Plaintiff's past relevant work as an assistant manager, as generally performed, is light work that a person having Plaintiff's residual functional capacity could still perform.  See Kilpatrick v. Kijakazi, 2022 WL 1699012, at *4 (9th Cir. May 27, 2022) ("A VE [vocational expert] opinion 'may count as substantial evidence even when unaccompanied by supporting data'") (citing and quoting Biestek v. Berryhill, 139 S. Ct. 1148, 1155 (2019)); Buck v. Berryhill, 869 F.3d 1040, 1051 (9th Cir. 2017) ("at least in the

---

[3]  "Light work involves lifting no more than 20 pounds at a time. . . ."  20 C.F.R. § 404.1567(b).  "Medium work involves lifting no more than 50 pounds at a time. . . ."  20 C.F.R. § 404.1567(c).

[4]  "The DOT's occupational definitions are the result of comprehensive studies of how similar jobs are performed in different workplaces."  SSR 00-4p.

1 absence of any contrary evidence, a [vocational expert's] testimony is
2 one type of job information that is regarded as inherently reliable.
3 . . ."; Bray v. Commissioner of Social Security Admin., 554 F.3d 1219,
4 1228 (9th Cir. 2009) (vocational expert opinion is reliable evidence
5 to support a finding that a claimant can work if hypothetical "set[s]
6 out all the limitations and restrictions of a particular claimant")
7 (citation omitted); Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir.
8 2005) ("A [vocational expert's] recognized expertise provides the
9 necessary foundation for his or her testimony.  Thus, no additional
10 foundation is required"); SSR 00-4p (characterizing the information in
11 the DOT as "reliable"); see also Hubble v. Astrue, 2012 WL 258406, at
12 *2 (9th Cir. Jan. 30, 2012) (finding no error in ALJ's conclusion that
13 claimant was capable of performing her past relevant work as generally
14 performed in the national economy, based on a hypothetical question
15 presenting claimant's residual functional capacity).

17   Plaintiff challenges the characterization of Plaintiff's past
18 relevant work as a section 189.167-018 job, pointing out that section
19 189.167-018 does not describe all of the job responsibilities
20 Plaintiff actually performed.  Plaintiff mentions as a possible
21 alternative characterization the DOT section 211.362-018 ("Teller").
22 However, section 211.362-018 fails to describe the vast majority of
23 Plaintiff's past job responsibilities (which were supervisory in
24 nature).  Moreover, the DOT provides that the "Teller" job is light
25 work.  Thus, a characterization of Plaintiff's past relevant work as
26 that of a "Teller," in itself, would not have materially affected the
27 result.
28 ///

Plaintiff also argues that the ALJ should have deemed Plaintiff's past relevant work to be a "composite" job. "[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT." SSR 82-61. A claimant's past relevant work "may be a composite job if it takes multiple DOT occupations to locate the main duties of the [past relevant work] as described by the claimant" Program Operations Manual System 25005.020(B)"[5] Because a composite job has no single DOT counterpart, the job must be evaluated as actually performed rather than as generally performed. Id.; see SSR 82-61 (composite jobs "will be evaluated according to the particular facts of each individual case").

It is not always obvious whether a particular job is a DOT job having a few additional tasks in the actual performance or a composite job having no single counterpart in the DOT. A particular job does not become composite merely because, as actually performed, the particular job included tasks not generally performed in such a job. See, e.g., Torres v. Saul, 2021 WL 2859683, at *6 (D. N.M. July 8, 2021) ("that Plaintiff described her work as she actually performed the jobs, as opposed to how they are generally performed, does not transform them into composite jobs" (citations and quotations omitted). Even so, it is error to define a claimant's past relevant work according to the "least demanding aspect" of a past job when that aspect "was something the claimant did less than half the time." Stacy v. Colvin, 825 F.3d 563, 570 (9th Cir. 2016).

///

---

[5] Available at https://secure.ssa.gov/poms.nsf/lnx/0425005020.

In the present case, substantial evidence in the factual record supports the conclusion Plaintiff's past relevant work was not a composite job. Plaintiff's job appears to have been predominantly supervisory in nature, and the tasks involving lifting over 20 pounds (if they existed at all) appear to have constituted a minor, non-fundamental component of the work). As in Stacy v. Colvin, "the DOT classifies [the claimant's] past job as purely supervisory and [she] mostly performed supervisory tasks in that job. . . . The fact that [her] employer also required [her] to occasionally do other non-supervisory tasks does not change the fundamental nature of [her] work. . . . Here, [the claimant] spent the vast majority of [her] time supervising." Stacy v. Colvin, 825 F.3d at 570; see Jesus P. v. Berryhill, 2019 WL 134552, at *5 (C.D. Cal. Jan. 8, 2019) ("the composite-job analysis applies only when the least demanding aspect of the job was something the claimant did less than half the time") (citations and quotations omitted).

When confronted with similar factual records, district courts in the Ninth Circuit and elsewhere have upheld administrative decisions against arguments that a claimant's past relevant work was really a composite job. See, e.g., Dora L. v. Kijakazi, 2021 WL 4502722, at *13-14 (medium lifting requirements in a job generally performed with light exertion did not render the job composite where the lifting requirements were "incidental to the main job" and the claimant failed to present any evidence tending to show that the requirements constituted "a significant part of her job"); Elias v. Comm'r, 2019 WL 4296779, at *2 (D. Ariz. Sept. 11, 2019) (those job responsibilities which were performed 70 percent of the time constituted "the

9

fundamental nature of the work"); King v. Comm'r, 2019 WL 643715, at *5 (M.D. Fla. Feb. 15, 2019) ("even though Plaintiff testified that her past relevant work as a management trainee had some duties relating to stocking merchandise, she has not established that her main duties included those of a stock clerk and a management trainee"); Driskill v. Colvin, 2014 WL 3734309, at *8 (W.D. Wash. July 28, 2014) ("Her job as actually performed did include stocking and cleaning, duties that are not mentioned in the DOT description of the waitress job, but there is no evidence that these duties constituted a significant portion of her work rendering the DOT's definition inapplicable").

Furthermore, although Plaintiff argues for a finding that her past relevant work was a composite job, she fails to identify the second DOT job she supposedly was performing when allegedly engaged in medium level lifting.[6] For this reason as well, Plaintiff has failed to carry her burden. See Smith v. Comm'r, 743 Fed. App'x 951, 954 (9th Cir. 2018) ("although [the claimant] bore the burden of proof on this issue, he introduced no evidence about how much time he spent hanging rent notices or otherwise establishing that this duty was a significant element of the job. Furthermore, [the claimant] has not identified what other occupation listed in the DOT he contends that he was performing when he hung the rent notices") (emphasis added).

///
///
///

---

[6] As previously noted, the "Teller" job is light work, according to the DOT.

**RECOMMENDATION**

For all of the foregoing reasons,[7] it is recommended that the Court issue an order: (1) accepting and adopting this Report and Recommendation; (2) denying Plaintiff's motion for summary judgment; (3) granting Defendant's motion for summary judgment; and (4) directing that Judgment be entered in favor of Defendant.

DATED: June 2, 2022.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[7] The Court has considered and rejected all of Plaintiff's arguments. The Court has discussed Plaintiff's principal arguments herein. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the ALJ. See generally McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).

11

1 | **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.